IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TARRENCE GREEN, ID # 033584, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:08-CV-2287-L (BH) |
| | ) | |
| CONNIE MAYFIELD, et al., | ) | Referred to U.S. Magistrate Judge |
| Defendants. | ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Plaintiff, an individual currently detained in Navarro County Jail, brings this action pursuant to 42 U.S.C. § 1983 against Judge Connie Mayfield; Lowell Thompson, District Attorney of Navarro County; and Navarro County Sheriff Lesley Cotten. (Compl. at 1, 3.) He claims that he is being illegally confined in violation of the Eighth and Fourteenth Amendments because Judge Mayfield set an excessive bond. (*Id.* at 3-4.) He seeks monetary damages and to have his bond set within his financial means. (*Id.* at 4.) No process has been issued in this case.

### II. PRELIMINARY SCREENING

As defined by 28 U.S.C. §§ 1915(h) and 1915A(d), Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B)

and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

### III. SECTION 1983

Plaintiff seeks monetary damages and injunctive relief under 42 U.S.C. § 1983 against a county judge, prosecutor, and sheriff based upon an alleged excessive bond imposed by the judge. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*

**A. Claims Against State Judge**

Plaintiff seeks monetary and injunctive relief against Judge Mayfield for actions taken in her role as a judge. The United States Supreme Court has recognized absolute immunity for judges acting in the performance of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745-46 (1982). Judges are immune from suit for damages resulting from any judicial act unless performed in "the clear absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-357 (1978). Furthermore, allegations of bad faith or malice do not

overcome judicial immunity. *Mireles*, 502 U.S. at 11.

Plaintiff makes no claim and alleges no facts that suggest that Judge Mayfield acted without jurisdiction to set bond. He merely complains that his bond is too high. Setting bail or bond "is a judicial function." *Walczyk v. Rio*, 496 F.3d 139, 165 (2d Cir. 2007). Consequently, Judge Mayfield has absolutely immunity against the claim for monetary damages under § 1983.

In addition, as amended in 1996, § 1983 provides judicial immunity in actions for injunctive relief except in very limited circumstances which have not been alleged here.[1] Consequently, as Plaintiff has failed to plead sufficient facts to state a plausible claim for injunctive relief against her, Judge Mayfield likewise has immunity against this claim.

## B. Claims Against Other Defendants

Plaintiff also seeks monetary and injunctive relief against the Navarro County Sheriff and District Attorney for his alleged illegal confinement caused by the excessive bail imposed by Judge Mayfield.

"As a prerequisite [to § 1983 liability], a plaintiff 'must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged.'" *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) (quoting *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995)). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).

In this instance, Plaintiff has made no allegation that any defendant other than Judge

---

[1] Section 1983 provides in pertinent part: "[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Plaintiff alleges no facts suggesting that a prior declaratory decree has been violated or that declaratory relief is unavailable.

3

Mayfield was personally involved in any constitutional violation. He has failed to allege any specific incident or causative link between his allegations and conduct on the part of any defendant other than Judge Mayfield. He makes no allegation of any policy that impinged on his constitutional rights. It appears that Plaintiff sues the Sheriff and District Attorney merely because of their roles as District Attorney and Sheriff for Navarro County when Judge Mayfield imposed the alleged excessive bail. Without allegations of personal involvement on the part of the Sheriff and District Attorney of Navarro County, the claims against them necessarily fail.

Moreover, the claims against the Sheriff and District Attorney fail even had Plaintiff alleged personal involvement on their part. Under Texas law, setting bail is regulated through the discretion of "the court, judge, magistrate or officer taking the bail." *See* Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon 2005). Texas sheriffs have no role in setting the amount of bail. *Walker v. Hodge*, 4 F.3d 991, 1993 WL 360996, at *2 n.2 (5th Cir. 1993) (per curiam). Furthermore, because setting the amount of bail is purely a discretionary judicial function, District Attorneys have no liability-imposing role in setting the amount of bail even when such attorney recommends a specific bail amount. Thus, it appears that plaintiff cannot plead "enough facts to state a claim to relief that is plausible on its face."

For all of these reasons, Plaintiff's complaint fails to state claims against the Navarro County Sheriff and District Attorney upon which relief can be granted.[2]

---

[2] Additionally, any claim for monetary damages against the District Attorney is barred by the doctrine of absolute immunity. Prosecutors enjoy absolute immunity to initiate and pursue criminal prosecutions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Plaintiff has made no allegation that Defendant Thompson acted other than in his adjudicative role as prosecutor. Thompson thus has absolute immunity against Plaintiff's claims for monetary relief.

## IV.  RECOMMENDATION

The Court should summarily **DISMISS** Plaintiff's complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for the failure of Plaintiff to state a claim upon which relief may be granted and for seeking monetary relief against defendants who are immune from such relief. The dismissal of this action will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[3]

**SIGNED this 7th day of January, 2009.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.